UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DIANA DACORTA, individually,
and on behalf of others similarly situated,

                         Plaintiff,

-against-

AM RETAIL GROUP, INC., d/b/a
G.H. BASS & Co.,

                         Defendant.

No. 16-CV-01748 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

Plaintiff Diana DaCorta ("DaCorta" or "Plaintiff"), commenced this putative class action suit against AM Retail Group, Inc. d/b/a G.H. Bass & Co. ("Bass" or "Defendant"). This Court has diversity jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332. The lawsuit arises from Plaintiff's purchase of a pair of "Quincy" style boots from Bass's factory outlet store in Fishkill, New York. Plaintiff alleges that she purchased this product on the mistaken belief that she was receiving a steep discount on the merchandise, when in fact no discount existed at all. Accordingly, Plaintiff alleges violations of New York General Business Law ("GBL") §§ 349 and 350 and seeks an injunction and monetary damages.

Defendant now moves to dismiss Plaintiff's Amended Complaint ("Am. Compl.") for lack of standing, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's motion is GRANTED in part and DENIED in part and Plaintiff's Complaint is DISMISSED without prejudice.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/18

# BACKGROUND

## I. Procedural History

Plaintiff commenced this cause of action by filing a putative class action complaint on March 8, 2016. (*See* ECF No. 1.) On August 3, 2016, this Court held a pre-motion conference to hear Defendant's request to file a motion to dismiss the complaint. (*See* Transcript from August 3, 2016 Pre-Motion Conference ("Conf. Tr.") (ECF No. 18).) During the conference, Defendant argued that the complaint failed to state a cognizable claim under GBL §§ 349 and 350. Defendant identified specific deficiencies, (*see* Conf. Tr. at 9:2-12), and this Court asked if Plaintiff would consider amending the complaint to cure such deficiencies, (*id.* at 9:13–10:4.) At the conference, Plaintiff notified the Court that she likely would not amend the Complaint, (*see id.* at 10:5), but did file an Amended Complaint shortly after the conference purportedly addressing the deficiencies discussed thereat, (*see* Am. Compl. (ECF No. 20).)

## II. Facts Alleged[1]

The following facts – which are taken from the Complaint and matters of which the Court may take judicial notice – are construed in the light most favorable to Plaintiff, as it is the non-moving party. *See, e.g., Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011). This Court is also permitted to consider documents attached to Defendant's brief for purposes of subject matter jurisdiction. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

---

[1] The Court assumes the truth of the facts alleged in Plaintiff's Complaint for purposes of this motion only, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and considers documents which are either incorporated by reference or integral to the claims asserted therein. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). To the extent there are any disputes as to certain facts, they are indicated as such herein.

2

This case is one of many[2] percolating through the federal courts and aimed at challenging the pricing practices in "outlet stores" by alleging violations of various state consumer protection statutes (hereinafter the "Outlet Cases"). This case concerns the pricing practices of Bass's outlet stores. (Am. Compl. ¶1.) The facts here are largely indistinguishable from other Outlet Cases. Here, Plaintiff alleges that Bass has engaged in the practice of selling products at outlet stores that are deceptively sold for a steep discount, when in fact, the products are not on sale at all. (Id. at ¶¶1-5.)

According to Plaintiff, Bass manufactures two lines of merchandise: (1) product made for retail sale and sold at department stores – merchandise that is not the subject of this litigation; and (2) "lesser quality merchandise manufactured specifically" for sale at Bass outlets. (Am Compl. ¶2.) Relying on the mistaken belief that she was getting a deep discount, Plaintiff purchased a pair of Quincy boots from the outlet store on October 13, 2015.[3] (Id. ¶4.) In the outlet stores, some products are listed with a high price that is stricken out and accompanied by a placard bearing a significantly lower price. (Id. ¶3.) Such practices create the illusion of a discount, but in fact the merchandise is "<u>only</u> sold at the purported 'discount' price." (Id. at ¶14.) To be sure, Plaintiff alleges that the factory outlet merchandise is "never offered at the comparison price." (Am. Compl. ¶3.)

---

[2] *See e.g. Marino v. Coach, Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017); *Belcastro v. Burberry Ltd.*, No. 16CV1080 (VEC), 2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ("*Belcastro II*"); *Irvine v. Kate Spade and Co.*, No. 16CV7300 (JMF), 2017 WL 4326538 (S.D.N.Y. Sept. 28, 2017); *Belcastro v. Burberry Ltd.*, No. 16CV1080 (VEC), 2017 WL 744596 (S.D.N.Y. Feb. 23, 2017) ("*Belcastro I*"); *Morrow v. Ann Inc.*, No. 16CV3340 (JPO), 2017 WL 363001 (S.D.N.Y. Jan. 24, 2017); *see also Shaulis v. Nordstrom, Inc.*, 865 F.3d 1 (1st Cir. 2017); *Mulder v. Kohl's Dept. Stores, Inc.*, 865 F.3d 17 (1st Cir. 2017); *Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564 (9th Cir. 2017); *Taylor v. Nike, Inc.*, No. 16CV00661 (MO), 2017 WL 663056 (D. Or. Feb. 17, 2017); *Rael v. Dooney & Bourke, Inc.*, No. 16CV0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. Jul. 22, 2016); *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL 7387356 (S.D. Cal. Dec. 20, 2016).

[3] There is some dispute as to the actual date of purchase, but resolution of that dispute is not necessary to decide the motion. The Court will use the date as alleged in the Amended Complaint for purposes of this motion.

Plaintiff further alleges that the merchandise sold at the Bass outlet stores is "often of lesser quality." (Am. Compl. ¶¶ 2, 13.) Despite this inferior quality, Plaintiff alleges that "manufacturers such as Bass seek to trade on their brand names and the quality of their normal retail lines" and are thus, "able to charge a premium for this lesser quality merchandise." (*Id.* ¶13.) Bass engages in similar pricing practices on its factory website. (*Id.* ¶¶ 3, 15.)

On October 13, 2015, Plaintiff purchased a pair of "Quincy" styles boots from Bass's outlet store in Fishkill, New York.[4] (*Id.* ¶4.) The Quincy boots "were displayed with a placard identifying a price of $180.00, with a 'sale' price of $44.99."[5] (*Id.* ¶ 21.) Such information "creat[ed] the impression of an approximately 75% discount." (*Id.*) Despite the signage, in reality, the Quincy boots are "manufactured for, and sold exclusively at Bass's factory outlet store and the 'factory outlet' page of its website;" they are "never offered for sale, or sold at the $180.00 price." (*Id.* at ¶23.) As such, there is no actual discount, only "the false and deceptive appearance of a discount." (*Id.*) Plaintiff alleges that she purchased the boots thinking she was getting a steep discount. (*Id.* ¶22.)

Accordingly, Plaintiff "would not have purchased the Quincy boots, or would not have paid the amount she did, if not for Bass's false and deceptive pricing scheme." (*Id.* at ¶¶ 4, 20, 25.) Plaintiff otherwise alleges that she was damaged as a result of her purchase, (*see Id.* ¶6),

---

[4] This was not the only item Plaintiff purchased that day. Plaintiff alleges that she also purchased a pair of "Zee" style boots, (Am. Compl. ¶ 24) and a scarf which was not mentioned in the Amended Complaint, (*see* Defendant's Brief in Support of the Motion to Dismiss (ECF No. 23) ("Def. Br."), at 7; *see also* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 25) ("Plf. Br."), at 4, n.3.) Plaintiff's allegations of deceptive marketing practices are alleged against Bass as it concerns the "Quincy" style boots only. (*See generally* Am. Compl.; *see also* Plf. Br. at 4-5.) Plaintiff further acknowledges redeeming a $15.00 coupon, resulting in a combined purchase price of $80.97. (Am. Compl. ¶24.) Defendant argues that Plaintiff obtained a 15% off discount, not a $15.00 coupon. (Def. Br. at 7.)

[5] Defendant contends the allegation that the boots were on sale for $44.99 is factually incorrect. (Def. Br. at 7, n.5.) Defendant instead argues that the boots were on sale for $49.88. (*Id.*) Whether the price stated $44.99 or $49.88, as Defendant contends, is of no moment for purposes of this motion.

4

though she makes no allegations as to the quality of the Quincy boots she purchased or how they fall short of what she bargained for.

## LEGAL STANDARD

### A. Standard of Review

#### 1. Rule 12(b)(1)

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Alliance for Envt'l Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case" and for that reason, a Court must decide a 12(b)(1) motion before any motion on the merits. *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016).

Plaintiff bears the burden to demonstrate standing by showing she is the "proper party to bring this suit" by a preponderance of the evidence. *Carter*, 822 F.3d at 55 (quoting *Raines v. Byrd*, 521 U.S. 811 (1997)); *Morrison*, 547 F.3d at 170 (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). While a Court must accept all factual allegations in Plaintiff's complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison*, 547 F.3d at 170; *see also TZ Manor, LLC v. Daines*, 815 F. Supp. 2d 726, 733-34 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 82 (2d Cir. 2012).

Standing challenges pursuant to 12(b)(1) can be factual or facial. *Carter*, 822 F.3d at 56; *Aikens v. Portfolio Recovery Assocs., LLC*, No. 17-1132, 2017 WL 5590341, at *4, n.2 (2d Cir. Nov. 21, 2017). A facial challenge considers the sufficiency of the allegations in the complaint. *Id.* A factual challenge, on the other hand, questions the *existence* of standing. *Id.* In such circumstances, the Court may consider evidence outside the pleadings, but should not consider any

"conclusory or hearsay statements contained in" the evidence. *TZ Manor*, 815 F. Supp. 2d at 733-34. Where a Defendant provides evidence that controverts material factual allegations in the complaint, the Court could, and should, make a factual determination as to the standing related allegations. *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (quoting *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999)).

### 2. Rule 12(b)(6)

In evaluating Defendant's motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Plaintiff's favor. *See, e.g., Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Unlike a 12(b)(1) motion, on a 12(b)(6) motion, a Court is "limited to the facts as presented within the four corners of the complaint, [the] documents attached to the complaint, or [] documents incorporated within the complaint by reference. *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (citing *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)).

## DISCUSSION

### A. Plaintiff's Claim for Injunctive Relief

Defendant makes a 12(b)(1) facial challenge to Plaintiff's request for injunctive relief. (*See* Defendant's Brief in Support of Motion to Dismiss (ECF No. 23) ("Def. Br.") at 10-12.) In opposition, Plaintiff asks this Court to follow Judge Weinstein's decision in *Belfiore v. P&G*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015). (*See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 25) ("Plf. Br.") at 13-16.) This Court declines to do so.

To have standing to seek injunctive relief, a plaintiff must establish a "real or immediate threat" of injury. *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). Although "past injuries" can support a claim for "money damages," a party cannot rely on past injury to provide a basis for standing to seek injunctive relief. *Nicosia*, 834 F.3d at 239; *Deshawn E. ex rel. Charlotte E. v. Safir*, 153 F.3d 340, 344 (2d Cir. 1998) (citing *Lyons*, 461 U.S. at 105-06); *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). Plaintiff can only properly do so if she establishes that "she is likely to be harmed again in the future in a similar way." *Nicosia*, 834 F.3d at 239. Plaintiff fails to do so.

Plaintiff's request for an injunction relates to a past injury, and past injury alone. (*See generally* Am. Compl.) Where there are no allegations that Plaintiff will purchase the defendant's "products in the future," the request is based on past injury and injunctive relief is improper. *Buonasera v. Honest Company, Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016); *see also Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 565 (S.D.N.Y. 2017); *Hidalgo v. Johnson & Johnson Consumer Cos., Inc.*, 148 F. Supp. 3d 285, 295-96 (S.D.N.Y. 2015) (dismissing claim for injunctive relief where no "allegations that [plaintiff] intends to purchase the [product] again"). This is aptly applicable here as Plaintiff does not allege that she will purchase any Bass products

in the future, let alone from their outlet stores where the alleged unfair marketing practices occurred. *See Nicosia*, 834 F.3d at 239 (no standing where plaintiff failed to allege that "he intends to use Amazon in the future to buy *any* products, let alone" the relevant product at issue); *see also Izquierdo v. Mondelez Int'l, Inc.*, No. 16CV04697, 2016 WL 6459832, at * 5 (S.D.N.Y. Oct. 26, 2016) (no future harm established where conditional allegations indicated Plaintiff was unlikely to purchase candy again).

Moreover, the claim that she would not have purchased the boots "but for Bass's false misrepresentation of the former/original price," (*see* Am. Compl. ¶ 20), is effectively a concession that she does not intend to purchase the product in the future, *see Kommer v. Bayer Consumer Health*, 252 F. Supp. 3d 304, 309 (S.D.N.Y. 2017); *see also Price v. L'Oreal USA, Inc.*, No. 17CV0614 (LGS), 2017 WL 4480887, at *6 (S.D.N.Y. Oct. 5, 2017). Plaintiff has failed to allege sufficient facts to support standing for injunctive relief, and since the allegations amount to a concession that Plaintiff will not purchase the product in the future, amendment is futile. *Hidalgo*, 148 F. Supp. 3d at 296 (amendment futile where "Complaint effectively asserts that regardless of" enjoinment of the deceptive practices, plaintiff "will refrain from purchasing" the products).

This decision is consistent with Second Circuit precedent. Plaintiff urges this Court to follow Judge Weinstein's decision in *Belfiore*, but Plaintiff's reliance on *Belfiore* ignores the impact of *Nicosia*. (*See* Plf. Br. at 13-16.) It is true that the Second Circuit has yet to resolve the specific issue of standing for injunctive relief as it relates to alleged ongoing consumer protection violations. *Marino*, 264 F. Supp. 3d at 566 (noting that *Nicosia* did not deal with a consumer protection law, but discussed the bare minimum constitutional requirement for pursuing federal injunctive relief). Nevertheless, *Nicosia* is instructive; a Plaintiff does not have standing where the claim for injunctive relief is based solely on a past injury. *Nicosia*, 834 F.3d at 239.

The position for which Plaintiff advocates is contrary to that taken by other Judges in this district, *see e.g. Buonasera*, 208 F. Supp. 3d at 565; *Price*, 2017 WL 4480887, at *6; *Izquierdo*, 2016 WL 6459832, at *5, and indeed is not even the prevailing approach in the Eastern District, *see e.g. Hasemann v. Gerber Prods. Co.*, No. 15CV2995 (MKB), 2016 WL 5477595, at *8 (Sept. 28, 2016 E.D.N.Y.) ("alleg[ing] a risk of future injury" is constitutional predicate for injunctive relief); *see also Hughes v. The Ester C Co.*, 317 F.R.D. 333, 357 (E.D.N.Y. 2016) (finding "persuasive those cases holding that plaintiffs lack Article III standing" for injunctive relief related to past harm); *Sitt v. Nature's Bounty, Inc.*, No. 15CV4199, 2016 WL 5372794, at *7 (E.D.N.Y. Sept. 26, 2016) (no standing for injunctive relief where "Plaintiff has failed to allege a risk of future injury").

The assertion in Plaintiff's Opposition that an injunction "would enable Plaintiff and consumers like her to continue to shop at Bass Factory Outlet stores," (Plf. Br. at 16), does not alter the outcome. As a preliminary matter, Plaintiff makes no such allegations in her Amended Complaint, so the Court need not consider them. *LLM Bar Exam, LLC v. Barbri, Inc.*, No. 16CV3770, 2017 WL 4280952, at *21 (S.D.N.Y. Sept. 25, 2017) ("[A] complaint cannot be amended by the briefs in opposition to a motion to dismiss."); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *Williams v. Rosenblatt Secs. Inc.*, 136 F. Supp. 3d 593, 609 (S.D.N.Y. 2015). Even if this Court chose to consider these newly alleged assertions, Plaintiff's argument still concedes that she has no intention to return to the store in absence of an injunction, so she has no "real and immediate threat" of injury. *Price*, 2017 WL 4480887, at *6.

Defendant's Motion to dismiss Plaintiff's request for injunctive relief is GRANTED.

### B. General Business Law Claims

Defendant also moves to dismiss Plaintiff's claims pursuant to GBL §§ 349 and 350 on two grounds: lack of standing and failure to state a cause of action. With respect to standing, Defendant asserts a factual challenge arguing that Plaintiff suffered no injury. (Def. Br. at 9-10.) Defendant otherwise argues that Plaintiff has fail to plead a cognizable claim for relief under GBL § 349 and § 350, because she has failed to properly plead an injury. (*Id.* at 13-18.)

In opposition, Plaintiff argues that she does have standing under the statute because, even if she did in fact pay less for the shoes than the $44.99 listed on the placard, such information would only serve to "reduce the amount of Plaintiff's actual damages." (Plf. Br. at 2.) With respect to proper pleading, Plaintiff argues that the allegation of a price premium, alone, has been held sufficient to state a cognizable injury by Southern District Courts sitting in diversity. (*Id.* at 8-13.)

#### 1. Article III Standing

Federal Courts only have subject matter jurisdiction to decide cases or controversies. U.S. Const. Art. III, §2; *Nicosia*, 834 F.3d at 239. To that end, a Plaintiff invoking federal jurisdiction must have standing, or "the personal interest that must exist at the commencement of the litigation." *Carter*, 882 F.3d at 55 (citing *Davis v. Federal Election Commission*, 554 U.S. 724 (2008)). Standing requires that Plaintiff prove three elements: (1) injury in fact; (2) traceability; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 55, 560-61 (1992). At the pleading stage, Plaintiff's burden is minimal; "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Carter*, 882 F.3d at 56 (internal alterations omitted).

Where, as here, the Defendant proffers "evidence beyond the pleadings," the challenge is factual and Plaintiff must demonstrate by a preponderance of the evidence that Article III standing exists. *Carter*, 822 F.3d at 57. This is not a sufficiency of the pleadings consideration. Plaintiff is required to "come forward with evidence of [her] own to controvert that presented by the defendant" if the evidence proffered in the 12(b)(1) motion is material and contradictory to jurisdictional allegations. *Carter*, 822 F.3d at 57. Plaintiff, however, is "entitled to rely on the allegations in the [p]leading[s] if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

Here, Defendant provided copies of Bass's computer records reflecting the purchases that Plaintiff made at the Fishkill outlet store. (Declaration of Scott Christian in Support of Bass's Motion to Dismiss ("Christian Decl.") (ECF 24) Ex. A, B.) The computer records indicate that Plaintiff did not even pay the $44.99 she alleged was listed as the 'sale price' for the boots. (*Id.* at Ex. B.) Instead, Plaintiff took advantage of a buy one, get one 50% off sale and a 15% discount, ultimately paying $21.20 for the Quincy boots. (*Id.*) Despite these facts, Defendant's evidence does not truly controvert the allegations alleged in the complaint. To be sure, whether Plaintiff paid $44.99 or $21.20 is relevant to the question of injury, but only insofar as it addresses the extent of Plaintiff's injury – not whether one exists. While this iteration of the complaint does not identify the value of the boots Plaintiff purchased, it is possible that the boots are worth less than the $21.20 Plaintiff paid, in which case she would be injured. Nevertheless, this simple price discrepancy is insufficient to defeat standing. *See Belcastro v. Burberry Ltd.*, No. 16CV1080 (VEC), 2017 WL 744596, at *2 (S.D.N.Y. Feb. 23, 2017) (finding a factual discrepancy in price insufficient to defeat standing) (*"Belcastro I"*). Plaintiff was thus entitled to rely on the pleadings

11

alone, as Defendant's evidence "does not contradict plausible allegations that are themselves sufficient to show standing." *Carter*, 822 F.3d at 57.

The allegations in Plaintiff's Amended Complaint are sufficient, affirmative demonstrations that Plaintiff has standing. The allegation that Plaintiff "would not have made this purchase, or would not have paid the amount she did," (Compl. ¶4), is sufficient for Article III injury, *Marino*, 264 F. Supp. 3d 558, 565 (S.D.N.Y. 2017); *Taylor v. Nike, Inc.*, No. 16CV0061, 2017 WL 663056, at *2 (D. Or. Feb. 17, 2017) (injury in fact properly pled with allegations that plaintiff "would not have purchased [the items], or paid the prices she did" but for the deception). Such allegations have already been accepted as sufficient to survive a 12(b)(1) motion to dismiss. *See e.g. id.* at 564-65 (citing *Morrow v. Ann Inc.*, No. 16CV3340 (LPO), 2017 WL 363001, at *5 (S.D.N.Y. Jan. 24, 2017)); *Morrow*, 2017 WL 363001, at * 3; *Kacocha v. Nestle Purina Petcare Co.*, No. 15CV5489, 2016 WL 4367991, at *7 (S.D.N.Y. Aug. 12, 2016). Consequently, Plaintiff has Article III standing to sue for GBL violations. Defendants' motion to that effect is DENIED.

2. The Merits of Plaintiff's GBL §§ 349 and 350 Claims

Defendant also contends that Plaintiff has failed to state a cognizable claim under GBL §§ 349 and 350. For such claims Plaintiff must allege that the defendant engaged in consumer oriented conduct that was "deceptive or misleading in a material way and that plaintiff [was] injured by reason thereof." *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56 (1999); *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24-25 (1995). Defendant does not challenge the sufficiency of the allegations as they pertain to whether this conduct is consumer oriented or whether the practice was deceptive in a material way. Defendant's only argument is that Plaintiff failed to properly plead injury. (Def. Br. at 13-19.)

12

Defendant's contention is correct; Plaintiff <u>has</u> failed to properly plead injury. Simply alleging that a plaintiff "would not have purchased" the product but for the deceptive practices, is, alone insufficient. *Small*, 94 N.Y.2d at 56. Instead, Plaintiff must allege a "connection between the misrepresentation and any harm from, or failure of, the product." *Small*, 94 N.Y.2d at 56; *see also Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (requiring allegations that, "on account of a materially misleading practice, [plaintiff] purchased a product and *did not receive the value of her purchase*") (emphasis added). Plaintiff draws no such connection in her complaint; without such connection, the allegations amount to "an injury based on deception itself," but New York courts have made clear that "the fact that [a] Plaintiff was deceived is not, standing alone, an 'actual injury.'" *Irvine v. Kate Spade and Co.*, No. 16CV7300 (JMF), 2017 WL 4326538, at *3 (S.D.N.Y. Sept. 28, 2017). Plaintiff's claims, thus must be dismissed.

This outcome is consistent with other Outlet Cases in this district and in other districts. Cases in this district, dealing with similar facts, concluded that injury was not properly pled. *See e.g. Irvine*, 2017 WL 4326538, at *4; *Belcastro I*, 2017 WL 744596; *Belcastro v. Burberry Ltd.*, No. 16CV1080 (VEC), 2017 WL 5991782 (S.D.N.Y. Dec. 1, 2017) ("*Belcastro II*").[6] Additionally, courts outside of this district have similarly found there to be no injury where Plaintiff alleges that she would not have paid as much as she did but for the deceptive practices. *See e.g. Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10-11 (1st Cir. 2017) (injury based on the "tag['s] suggest[ion] that the sweater was worth more than the price Nordstrom actually charged" fails to

---

[6] While *Belcastro I* concerned common law fraud, it largely referred to general standards of New York law requirements for pleading injury, and the court did not render its decision based on whether or not the plaintiff met the heightened Rule 9(b) pleading standard. *Belcastro I*, 2017 WL 744596, at * 3. The Court acknowledged that "actual damages may be shown by allegations that the plaintiff paid a 'price premium'" but there can be no cognizable injury "based solely on allegations that the plaintiff subjectively believed that he was getting a better bargain than" he thought. *Id.* The Court reaffirmed its decision in *Belcastro II*, by arguing that in light of other consumer protection cases that require allegation and proof of "actual injury," such as *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 10-11 (1st Cir. 2017), the Plaintiff had again failed to properly plead injury. *Belcastro II*, 2017 WL 5991782, at *3-4.

do more than allege deception as injury); *Mulder v. Kohl's Dept. Stores, Inc.*, 865 F.3d 17, 20 (1st Cir. 2017) (same outcome relying on *Shaulis* reasoning); *Kim v. Carter's Inc.*, 598 F.3d 362, 363, 365-66 (7th Cir. 2010) (actual injury not alleged where Plaintiffs failed to allege how product was "defective or worth less than what they actually paid").[7]

Such a conclusion is supported by reason; these allegations are conclusory and akin to a "deception-as-injury" claim, impermissible under *Small*. *See Irvine*, 2017 WL 4326538, at *4 (S.D.N.Y. Sept. 28, 2017) (theory that "they would have paid less than they did" insufficient); *Belcastro I*, 2017 WL 744596, at *6; *Belcastro II*, 2017 WL 5991782, at *3-4.[8] It is clear that Plaintiff believes she was deceived into purchasing the product and spending what she did, but that fails to demonstrate an actual injury required under the law. In the absence of facts related to the value or the purchased product, or how the product fell short of what it purported to be, the Amended Complaint only reflects Plaintiff's subjective disappointment. *Irvine*, 2017 WL 4326538, at *4 ("amount[ing] to nothing more than the conclusory claim that, as a result of Kate Spade's deceptive conduct, Plaintiffs 'paid more than [they were] subjectively willing to otherwise pay" and plaintiffs cannot "recover for their subjective disappointment"); *Belcastro I*, 2017 WL 744596, at *3. As pled, Plaintiff's claim for GBL violations fails to meet the standards articulated by the New York Court of Appeals. (Am. Compl. ¶¶ 3-4, 13-14, 20-25.)

---

[7] While such cases were not decided according to the GBL, the type of injury at issue was analogous to that of New York, in that it similarly requires more than a "deception as injury" or "purchase-as-injury" showing. *Shaulis*, 865 F.3d at 13 (citing *Small*, 94 N.Y.2d 43); *see also Kim*, 598 F.3d at 365 (discussing Illinois consumer protection act as requiring pleading and proof of "actual damage" which can be demonstrated where "seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property'").

[8] This Court acknowledges that courts in several Outlet Cases have come to different results on the issue of injury. This Court declines to analyze such cases as they relate to consumer protection statutes that require far less than NY GBL or contain elements of fraud and thus require allegations be pled in conformity with the Rule 9(b) heightened pleading standards. *See e.g. Marino v. Coach, Inc.*, 264 F. Supp. 3d 558 (S.D.N.Y. 2017); *Morrow v. Ann Inc.*, No. 16CV3340 (JPO), 2017 WL 363001 (S.D.N.Y. Jan. 24, 2017); *see also Rubenstein v. Neiman Marcus Grp. LLC*, 687 F. App'x 564 (9th Cir. 2017); *Taylor v. Nike, Inc.*, No. 16CV00661 (MO), 2017 WL 663056 (D. Or. Feb. 17, 2017); *Rael v. Dooney & Bourke, Inc.*, No. 16CV0371 JM(DHB), 2016 WL 3952219 (S.D. Cal. Jul. 22, 2016); *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2016 WL, 7387356 (S.D. Cal. Dec. 20, 2016).

Further, Plaintiff's reliance on this Court's prior deceptive marketing practices cases is misguided; the allegations were sufficient in those cases because the marketing of the products imported a unique quality to the product for which a premium was charged (hereinafter "Price Premium Cases"). *See Segedie v. Hain Celestial Grp., Inc.*, No. 14CV5029 (NSR), 2015 WL 216837, at *12 (S.D.N.Y. May 7, 2017) (price premium based on label that product was "natural" or "all natural"); *Segovia v. Vitamin Shoppe, Inc.*, No. 14CV7061, 2016 WL 8650462, at *7-8 (S.D.N.Y. Feb. 25, 2016) (premium paid due to product's marketing as containing lactose which allegedly "aid[s] in the absorption and digestion of protein"); *Goldemberg v. Johnson & Johnson Consumer Co., Inc.*, 8 F. Supp. 3d 467, 478-84 (S.D.N.Y. 2014). Other Judges in this district have followed the same reasoning in Premium Price cases. *See e.g. Buonasera*, 208 F. Supp. 3d at 559, 566 (premium paid for product marketed as "natural, all natural, naturally derived, plant-based, and/or containing no harsh chemicals ever!"); *Kacocha* 2016 WL 4367991, at *14 (premium paid for product that was "cut, shaped, colored, and textured to look like it is real bacon" and marketed with the phrase "made with real bacon"); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 287, 292-93 (S.D.N.Y. 2015) (premium paid for product marketed as "clinically proven to shorten your cold by almost half"); *Ebin v. Kangadis Food Inc.*, No. 13CV2311 (JSR), 2013 WL 6504547, at *1-2, 5 (S.D.N.Y. Dec. 11, 2013) (premium paid for olive oil marketed as "100% Pure Olive Oil"). The failing of the product was apparent from the marketing and the allegations that the products were not as marketed.

This distinction between Premium Price Cases and Outlet Cases is warranted. The New York Court of Appeals has held that proof of injury requires a "connection between the misrepresentation and any harm from, or failure of, the product." *Small*, 94 N.Y.2d at 56. Such a connection is clear in the Price Premium Cases; the product is marketed as having a unique quality;

15

it is "all natural" or "100% olive oil", or contains real bacon or a product to aid in the absorption and digestion of protein. This marketing allows the company to charge a premium for the product. Plaintiff pays that premium and learns that the product does not have the unique quality it was marketed for; it is not "all natural", it does not contain real bacon as a primary ingredient, does not contain lactase, or is not "100% olive oil". In these instances, there is a definitive connection between the misrepresentation (that the product had a unique quality) and the harm from the product (plaintiff paid a premium for a product without this unique quality). By contrast, the Outlet Cases fail, where, as here, a plaintiff does not allege the value of the product purchased. Without allegations as to the value, *or the unique quality* for which the premium was paid, there can be no connection between the misrepresentation and the harm from the product. *See e.g. Belcastro I*, 2017 WL 744596, at *6 (plaintiff failed to allege being "misled into believing that he was purchasing a product that is intrinsically different than what he expected"). More is required.

For those reasons, Plaintiff's apparent belief that simply alleging the word "premium" will suffice, is simply incorrect. *Izquierdo v. Mondelez Int'l, Inc.*, No. 16CV04697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (simple "recit[ation of] the word 'premium' . . . does not make Plaintiffs' injury any more cognizable"). Hence, Plaintiff's reliance on *Goldemberg* is misplaced. (Plf. Br. at 8-9 (quoting *Goldemberg*, 8 F. Supp. 3d at 472).) A price premium existed in *Goldemberg* because plaintiffs alleged that they would "not have purchased the Aveeno products had they been truthfully labeled, and [] would not have paid a premium for [those] unnatural products." *Goldemberg*, 8 F. Supp. 3d at 472. The operative fact was that a premium was paid because the product was marketed as natural, when in reality it was not. Here, there is no such clarity. Plaintiff alleges that the product was on sale when it was not. (Am. Compl. ¶¶1,4.) She further alleges that she would not have "paid the amount she did" but for the deceptive

practices. (Am. Compl. ¶¶4, 20.) Such allegations, alone do not, demonstrate *why* a premium was paid for the product or *how* the product failed to live up to its advertising.

This Court also declines to apply the "inferior quality" theory articulated in *Irvine* to this case, as Plaintiff has failed to allege sufficient facts to support such a theory. According to *Irvine*, a Plaintiff that alleges "that the goods [] purchased . . . were worth less than [] the prices – even the discounted outlet prices [] paid for them" has pled a cognizable injury. *Irvine*, 2017 WL 4326538, at *5 (internal quotations omitted). While Plaintiff does allege that merchandise at Bass's outlet stores is "often of lesser quality than the merchandise sold at a traditional retail store," (Am. Compl. ¶12), and the pricing scheme "creates the impression that the factory store merchandise is similar quality merchandise, offered at a discount," (*Id.* ¶13), Plaintiff nevertheless fails to discuss whether the product she purchased was of less pvalue than the listed sale price, or even the ultimate price she paid for the product. In the absence of such allegations reflecting the objective quality and/or value of the product and how it failed to live up to its marketing, Plaintiff cannot draw the requisite connection between deception and harm.

Consequently, Plaintiff has failed to properly allege an injury and Defendant's motion to that effect is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part, and DENIED in part. While Plaintiff does have Article III standing to bring deceptive marketing practices claims against Defendant, Plaintiff has failed to properly allege injury for purposes of the statute. Accordingly, Plaintiff's Amended Complaint is hereby dismissed without prejudice and Plaintiff is granted leave to replead within 30 days of the date of this Opinion and Order. Plaintiff

has no standing to seek injunctive relief and is advised that she cannot pursue such a request, as discussed *supra*, as she has already conceded that there is no risk of imminent future harm.

Plaintiff is cautioned to include facts demonstrating a connection between the alleged misrepresentation and the harm she suffered, in other words, a bargained-for characteristic of the boots that she paid for but never received. In the absence of such allegations, Plaintiff's case will be dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22.

Dated: January 23, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge